UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK REAVES,<br>on behalf of himself and all others<br>similarly situated,<br><br>                    Plaintiff,<br><br>     V.<br><br>MACY'S, INC.,<br><br><br>                    Defendant. | Case No.: 1:18-cv-02032<br><br><br>**DEFENDANT'S ANSWER AND<br>DEFENSES TO PLAINTIFF'S<br>AMENDED CLASS ACTION<br><u>COMPLAINT WITH JURY DEMAND</u>** |

NOW COMES Defendant Macys.com, LLC, improperly pled as Macy's, Inc., by and through its counsel, and for its Answer and Defenses to Plaintiff's Amended Class Action Complaint (hereinafter simply "Complaint"), and denies each and every allegation contained in the Complaint, except as herein accepted, admitted, or otherwise allowed:

1.      Defendant admits that Plaintiff purports to bring this Complaint on behalf of himself and others pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").  Except as expressly admitted herein, Defendant denies any violation of the TCPA, that Plaintiff or any member of the alleged class Plaintiff purports to represent is entitled to any relief pursuant to the TCPA, and all other allegations in Paragraph 1.

2.      The allegations in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant admits the federal courts have jurisdiction over TCPA claims and, except as expressly admitted herein, denies the remaining allegations in Paragraph 2.

3.    The allegations in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 3.

4.    The allegations in Paragraph 4 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies that it violated the TCPA and denies the remaining allegations in Paragraph 4.

5.    Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 5, and therefore denies them.

6.    Defendant admits that its registered agent in the State of Delaware is located at 3411 Silverside Road Tatnall Building Ste 104, Wilmington, DE.  Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 6.

7.    Defendant admits the TCPA was enacted in 1991.  Defendant further states that the FCC's Declaratory Ruling and Order, which was invalidated in part by *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), speaks for itself, and that Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, and except as expressly admitted herein, Defendant denies the quoted excerpt of the Declaratory Ruling and Order to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 7.

8.    Defendant states that the FCC's Declaratory Ruling and Order, which was invalidated in part by *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), speaks for itself, and that Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the quoted excerpt of the

2

Declaratory Ruling and Order to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 8.

9. Defendant states that the TCPA statute speaks for itself, and that Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the quoted excerpt of the statute to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 9.

10. Defendant states that the Code of Federal Regulations speaks for itself, and that Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the quoted excerpt of the Code of Federal Regulations to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 10.

11. Defendant states that the Code of Federal Regulations speaks for itself, and that Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the quoted excerpt of the Code of Federal Regulations to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 11.

12. Defendant states that the FCC's Declaratory Ruling and Order, which was invalidated in part by *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), speaks for itself, and that Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the quoted excerpt and summary

of the Declaratory Ruling and Order to the extent they are inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 12.

13.     Defendant states that the FCC's Declaratory Ruling and Order, which was invalidated in part by *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), speaks for itself, and that Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the summary of the Declaratory Ruling and Order to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 13.

14.     Defendant states that the image in Paragraph 14 speaks for itself, and no response to this allegation is required.  To the extent a response is deemed necessary, Defendant denies that the image provides a phone number or states he would receive 25% off his purchase by texting a provided phone number.  With regard to the remaining allegations in Paragraph 14, Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 14, and therefore denies them.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant admits Plaintiff received an online code to use toward a purchase after signing up for Macy's SMS program and confirming his intent to receive text messages by texting the keyword "STAR" in response to the double opt-in text message sent to the phone number he provided in his website registration.  Defendant denies that the image in Paragraph 14 provides a phone number.  Except as expressly admitted herein, Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 16, and therefore denies them.

17.    Defendant admits that text messages in the gray boxes of the image in Paragraph 17 were sent to Plaintiff as part of Macy's SMS program.  Defendant denies that it received any of the text messages in the green boxes of the image in Paragraph 17. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 17.

18.    Defendant denies the allegations in Paragraph 18.

19.    Defendant states that the image in Paragraph 19 speaks for itself, and no response to this allegation is required.  To the extent a response is deemed necessary, Defendant admits the allegations in Paragraph 19.

20.    Defendant denies the allegations in Paragraph 20.

21.    Defendant denies the allegations in Paragraph 21.

22.    The allegations in Paragraph 22 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 22.

23.    The allegations in Paragraph 23 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 23.

24.    The allegations in Paragraph 24 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 24.

25.    Paragraph 25 purports to state the classes Plaintiff seeks to represent and therefore the allegations speak for themselves.  Defendant denies the classes Plaintiff seeks

to represent are properly certifiable or properly defined. Defendant further denies that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 constitute conclusions of law to which no response is required. Defendant denies the classes Plaintiff seeks to represent are properly certifiable or properly defined. Defendant further denies that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever. Furthermore, Paragraph 26 purports to carve out exclusions from the classes Plaintiff seeks to represent and therefore the allegations speak for themselves. To the extent a further response is deemed necessary, Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 contains neither an allegation of fact or law and, therefore, no response is required. To the extent a response is deemed necessary, Defendant denies Plaintiff has any right to amend, alter, and/or redefine the class definition without leave of court and further denies the remaining allegations in Paragraph 27.

28. The allegations in Paragraph 28 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the classes Plaintiff seeks to represent are properly certifiable or properly defined. Defendant further denies that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 28.

29.     Paragraph 29 purports to state the alternative classes Plaintiff seeks to represent and therefore the allegations speak for themselves.  Defendant denies the alternative classes Plaintiff seeks to represent are properly certifiable or properly defined. Defendant further denies that Plaintiff or any member of the alleged alternative classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 30.  Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 30.

31.     The allegations in Paragraph 31 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 31.  Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 31.

32.     The allegations in Paragraph 32 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 32.  Moreover, Defendant denies that certification is appropriate,

7

or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 32.

33. The allegations in Paragraph 33 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 33. Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 33.

34. The allegations in Paragraph 34 and its subparagraphs constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 34 and its subparagraphs. Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 34 and its subparagraphs.

35. The allegations in Paragraph 35 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 35. Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 35.

36.     The allegations in Paragraph 36 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 36.  Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 36.

37.     The allegations in Paragraph 37 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 37.  Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever, including injunctive or equitable relief.  Defendant denies the remaining allegations in Paragraph 37.

38.     The allegations in Paragraph 38 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 38.  Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever, including injunctive or equitable relief.  Defendant denies the remaining allegations in Paragraph 38.

39.     The allegations in Paragraph 39 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 39.  Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the

existence of which are denied, is entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 40.  Moreover, Defendant denies that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever, including equitable or declaratory relief.  Defendant denies the remaining allegations in Paragraph 40.

## COUNT I

41.     Defendant repeats and restates its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

42.     Defendant admits that Plaintiff purports to bring this Complaint on behalf of himself and others pursuant to the TCPA.  Except as expressly admitted herein, Defendant denies any violation of the TCPA, that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief pursuant to the TCPA or otherwise, and all other allegations in Paragraph 42.

43.     The allegations in Paragraph 43 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies any violation of the TCPA, that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief pursuant to the TCPA or otherwise, and all other allegations in Paragraph 43.

44.     Defendant states that the TCPA speaks for itself, and that Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the quoted excerpt of the statute to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 44.

45.     Defendant states that the TCPA speaks for itself, and that Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the summary of the statute to the extent it is inconsistent with the actual text or the current law and further denies the remaining allegations in Paragraph 45.

46.     The allegations in Paragraph 46 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiff was removed from Macy's SMS program after he successfully sent the message "Please stop texting me, this is very annoying" to Macy's short code 622-97.  Defendant denies that that it received any "STOP" message from Plaintiff on March 26 and further denies the remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies any violation of the TCPA, that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief pursuant to the TCPA or otherwise, and all other allegations in Paragraph 47.

48.     The allegations in Paragraph 48 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies any violation of the TCPA, that certification is appropriate, or that Plaintiff or any member of the alleged classes Plaintiff purports to represent, the existence of which are denied, is entitled to any relief whatsoever, and all other allegations in Paragraph 48.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Macys.com, LLC, improperly pled as Macys, Inc. , denies that Plaintiff or any member of the alleged class Plaintiff purports to represent is entitled to the relief requested in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding that it should bear the burden of proof with respect to the following defenses, Defendant hereby alleges the following defenses to Plaintiff's Amended Class Action Complaint.

## FIRST DEFENSE

Plaintiff's Amended Class Action Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Macy's, Inc. is not the proper defendant; the proper party is Macys.com, LLC.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because text messages, if any, were made with the requisite consent, including, where applicable, his prior express consent.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to revoke consent, or in the alternative, because any purported revocation of consent was ineffective.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because some of the alleged text messages received by Plaintiff, if any, are exempt from the TCPA because they are informational, transactional, confirmatory, and/or a non-advertisement in nature, and made in response to one or more actions taken by Plaintiff.

## SIXTH DEFENSE

To the extent any text messages were sent to Plaintiff, an automatic telephone dialing system was not used to send the alleged text messages. *See, e.g.,* 47 U.S.C. § 227(a)(1); *King v. Time Warner Cable Inc.*, 894 F.3d 473 (2d Cir. 2018).

## SEVENTH DEFENSE

Plaintiff's alleged damages, if any, were attributable, in whole or in part, to his own conduct and/or the conduct of third parties beyond Defendant's control or supervision or for whom Defendant was and is not responsible or liable, and not due to Defendant's actions or inactions.

## EIGHTH DEFENSE

The statutory provisions of the Telephone Consumer Protection Act, including but not limited to the definitions and/or interpretations of "autodialer," "automatic telephone dialing system," and "capacity," are unconstitutionally broad.

## NINTH DEFENSE

The damages Plaintiff seeks for himself and on behalf of the putative class members violate the Fifth Amendment's Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment.

## TENTH DEFENSE

The FCC's regulations and rulings are capricious, arbitrary, and/or manifestly contrary to the TCPA statute.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has established and implemented reasonable practices and procedures, with due care, to effectively prevent violations of the TCPA.

## TWELFTH DEFENSE

Plaintiff and/or all proposed members of the putative class have not suffered any injury or actual or other damages as a result of the conduct alleged.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because he lacks standing to maintain it.  As such, this Court lacks subject-matter jurisdiction, because, among other things, a mere technical violation of the statute, if any and which Defendant denies, does not provide standing, and Plaintiff lacks an injury-in-fact sufficient to satisfy Article III standing requirements.  Furthermore, Plaintiff lacks statutory standing and does not fall within the zone of interests for which the statute was designed to prevent.

## FOURTEENTH DEFENSE

This Court lacks personal jurisdiction over this Defendant and proper defendant Macys.com, LLC, including without limitation with respect to the claims of putative class members located outside of New York. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773 (2017).

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and/or contributory negligence, including but not limited to his attempts to generate TCPA claims and by failing to follow up when messages were not acknowledged or not delivered.

## SIXTEENTH DEFENSE

Plaintiff's claims raise technical and/or policy considerations that are particularly within the FCC's field of expertise and discretion and, as such, should be determined by the FCC.

## SEVENTEENTH DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the TCPA's "safe harbor" provision or other "safe harbor" defenses.

## EIGHTEENTH DEFENSE

Plaintiff is a not a proper representative of the individuals he seeks to represent.

## NINETEENTH DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff's class and subclass definitions constitute improper and incurable fail-safe classes.

## TWENTIETH DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because putative class members cannot be ascertained given the necessary individualized factual inquiries and lack of common proof and otherwise present manageability issues.

## TWENTY-FIRST DEFENSE

Plaintiff cannot satisfy the requirements of a class action including but not limited to ascertainability, numerosity, commonality, predominance, typicality, adequacy, and superiority.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the doctrines of justification and/or ratification.

## TWENTY-THIRD DEFENSE

Some or all of the claims are subject to set-off, offset, and/or recoupment to the extent a Plaintiff and/or any putative class member used any coupons and/or coupon codes texted to him.

## TWENTY-FOURTH DEFENSE

Assuming Plaintiff suffered any damages, which Defendant denies, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages prior to filing this case.

## TWENTY-FIFTH DEFENSE

Plaintiff would be unjustly enriched by any recovery under the TCPA.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, mistake, estoppel, and/or laches.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims, and/or those of the putative class members, are barred, in whole or in part, on the grounds that an offset should be applied to any damages claimed by Plaintiff and/or the putative class members based on any amount owing on an account with one of Defendant's subsidiaries or affiliates.

## TWENTY-EIGHTH DEFENSE

At all times relevant hereto, Defendant acted in good faith and for good cause and has not violated any rights which may be secured to Plaintiff or any putative class member under any federal, state, city, or local laws, rules, regulations, codes, or guidelines.

## TWENTY-NINTH DEFENSE

Plaintiff is not entitled to equitable relief because the legal remedies for damages, if any and for which Defendant denies, are adequate.

## THIRTIETH DEFENSE

Defendant alleges that if a violation is determined to have occurred, which it denies, Plaintiff's claim for treble damages is barred because Defendant did not engage in willful or knowing conduct.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are time-barred by virtue of the statute of limitations.

WHEREFORE Defendant Macys.com, LLC, improperly pled as Macy's, Inc., prays for relief as follows:

a. That Plaintiff take nothing and this action be dismissed with prejudice and on the merits with judgment entered in favor of Defendant;

b. That Defendant be awarded its costs incurred in defending this action, including reasonable attorney's fees; and

17

c.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action of all issues so triable.

Dated:  New York, New York
September 24, 2018

*/s/ Daniel C. Fleming*
Daniel C. Fleming
WONG FLEMING, P.C.
300 East 42nd Street
14th Floor
New York, New York 10017
Telephone: (212) 643-9668
Fax: (212) 643-9640
Email: dfleming@wongfleming.com

and

Chad D. Silker, admitted *pro hac vice*
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, Missouri 63141
Telephone: (314) 342-6379
Fax: (314) 342-6366
Email: chad.silker@macys.com

*Attorneys for Defendant Macys.com, LLC,*
*(improperly pled as Macy's, Inc.)*

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served, via the Court's ECF system, a true and correct copy of the foregoing Answer and Defenses to Plaintiff's Amended Class Action Complaint on all counsel of record registered with the Court's ECF system.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.


_/s/ *Daniel C. Fleming*_____
Daniel C. Fleming

Dated: New York, New York
September 24, 2018